UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| HEATHER BUDD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | 6:15-CV-633-ORL-22DAB |
| CONVERGENT OUTSOURCING, INC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, HEATHER BUDD ("Plaintiff"), through her attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, CONVERGENT OUTSOURCING, INC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 ("FCCPA").

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").

1

4. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

7. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of

2

> the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k (FDCPA).

9. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

10. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

11. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

12. Plaintiff is a natural person residing in Daytona Beach, Volusia County, Florida.

13. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

14. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

15. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

16. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

17. Defendant is a collection agency located in Renton, King County, Washington.

18. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

19. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

20. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

21. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

22. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

23. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

24. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating from medical bills.

25. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

26. In or around October 2014, Defendant began calling Plaintiff on Plaintiff's work telephone number at 386-366-63XX, and on Plaintiff's cellular telephone number at 386-631-01XX in an attempt to collect the alleged debt.

27. Defendant calls Plaintiff from 904-900-6430 which is one of Defendant's telephone numbers.

28. Within the last year, Plaintiff called Defendant on multiple occasions and spoke with one of Defendant's collectors.

29. During the aforementioned conversation, Plaintiff disputed the debt and told Defendant to stop calling her.

30. During the aforementioned conversation, Defendant's collector stated that they would not stop calling until she dealt with the debt.

31. Despite Plaintiff's repeated requests, Defendant continued to call Plaintiff in an attempt to collect the alleged debt.

32. During the aforementioned phone call, Defendant's collector did not state that he was calling from CONVERGENT OUTSOURCING, INC.

33. Defendant's collector that called Plaintiff was working within the scope of her employment when communicating with Plaintiff in an attempt to collect a debt.

34. Defendant's collector that called Plaintiff is familiar with the FDCPA.

35. Defendant's collector that called Plaintiff knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

36. Defendant called Plaintiff using an autodialer system.

37. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

38. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

39. Defendant's calls were placed to telephone numbers assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §

227(b)(1).

40. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including his cellular telephone number, to Defendant for any purpose whatsoever.

41. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

42. Despite this, Defendant continues to place repeated collection calls to Plaintiff, on her cellular telephone and her husband's cellular telephone, using an "automated telephone dialing system."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

43. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant repeatedly called Plaintiff after being asked to stop calling;

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff when Defendant repeatedly called Plaintiff after being asked to stop calling; and

   c. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant failed state that they were calling from CONVERGENT OUTSOURCING, INC;

WHEREFORE, Plaintiff, HEATHER BUDD, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

44. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

45. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, and

46. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

47. Plaintiff repeats and realleges paragraphs 1-42 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

48. Defendant violated the FCCPA based on the following:

   a. Defendant violated the §559.72(7) of the FCCPA by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family when Defendant repeatedly called Plaintiff at an annoying and harassing rate after being asked to stop calling.

WHEREFORE, Plaintiff, HEATHER BUDD, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

49. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77,

50. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77, and

51. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. 559.77(2); and

52. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

53. Plaintiff repeats and re-alleges paragraphs 1-42 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

54. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

55. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

57. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, HEATHER BUDD, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

58. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled

WHEREFORE, Plaintiff, HEATHER BUDD, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

58. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

59. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

60. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

61. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

April 11, 2015         By: _____
**Shireen Hormozdi**
SBN: 0882461
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
E-mail: shireen@norcrosslawfirm.com
Attorney for Plaintiff